## WHITE SEWING MACH. CO. v. WINGO et al.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1912. On Motion for Rehearing, Dec. 7, 1912.)

1. PRINCIPAL AND SURETY (§ 23*)—EXECUTION OF BOND—CONDITIONS.

Where a bond provided that no agreement that other persons should sign should be a defense and that the person to whom it was delivered for delivery to the obligee had authority to deliver it and the bond was delivered, the provision became effective, and the defense that the bond was not to be used by the obligor unless he procured other signatures was not available.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 45–54; Dec. Dig. § 23.*]

**2. EVIDENCE (§ 317*)—HEARSAY EVIDENCE—RES GESTÆ.**

Evidence· of a conversation in the absence of any representation of the obligee between the surety on the bond and the obligor as to the obligee, serving to corroborate the obligor that the bond was delivered for the special purpose of ascertaining the solvency of other sureties, was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

On Motion for Rehearing.

**3. EVIDENCE (§ 317*)—HEARSAY EVIDENCE—RES GESTÆ.**

The evidence of the conversation not so closely related to the conversations between the agent and the obligor or the agent and the surety as to . bring it within the rule of res gestæ was inadmissible as hearsay when offered to corroborate the testimony of the surety as to what transpired between him and the agent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

Appeal from District Court, Haskell County; John B. Thomas, Judge.

Action by the White Sewing Machine Company against W. L. Wingo and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. H. Calhoun, of Cisco, and Scott & Key, of Haskell, for appellant. H. G. McConnell and G. B. McGuire, both of Haskell, for appellees.

CONNER, C. J. This was a suit instituted in the district court upon a bond alleged to have been executed and delivered by appellees, W. L. Wingo and J. L. Baldwin, in the sum of $1,500 and given as a basis of credit to enable the said Wingo to procure certain sewing machines and appurtenances from appellant on credit. It was alleged that the appellant company upon the faith and credit of the bond had furnished Wingo sewing machines, etc., of the value of about $1,500 which Wingo had appropriated to his own use and never paid for. It seems undisputed that Wingo was indebted to appellant on account of sewing machines received in the amount alleged, but appellee Baldwin, the surety on the bond, defended on the ground that it had never been delivered, and the trial resulted in a verdict and judgment in his favor on this issue.

We are of opinion that the court erred in permitting the appellee J. L. Baldwin, while a witness for ·himself, to testify to the effect that, when he signed the bond under consideration, he did so with the understanding and agreement between himself and W. L. Wingo, the principal, that the bond was not to be delivered or used by Wingo unless Wingo procured other signatures or signers to it.

[1] The bond by its terms provides that no agreement that other persons were to sign said bond should be a defense thereto and that the person to whom the instrument was delivered had absolute authority to deliver it. If the bond was delivered, this provision became effective and excluded such contention as a defense. See Page v. White Sewing Machine Co., 12 Tex. Civ. App. 327, 34 S. W. 988. This construction of the bond was evidently adopted by the court, for by his charge the evidence objected to was entirely excluded as a defense; the case being submitted on the issue of delivery vel non.

[2] Was the evidence, therefore, competent on the vital issue of delivery? As indicated we think not. It is undisputed in the evidence that Wingo took the bond to appellee Baldwin and procured his signature thereto. There is no evidence indicating that Baldwin was misled as to its terms, and he duly signed the same and returned it to Wingo. It is further undisputed that Wingo then took the bond and gave it to one J. H. Sneed, an agent of the appellant company who negotiated the transaction with Wingo. Wingo testified to the effect that it was so delivered to Sneed for the purpose of enabling Sneed to ascertain the solvency of Baldwin and certain other sureties whose signatures were contemplated, that later the proposed other sureties declined to sign, and that the bond was returned to him (Wingo) by Sneed, and that thereafter in some way unknown to him the bond was abstracted from his private papers. This, however, is contradicted by Sneed, who testified to the effect that the bond was delivered to him and by him to his company, after which it seems undisputed that the sewing machines were furnished to Baldwin and by Baldwin sold.

· The court's charge is admirable in its clearness, but we think the testimony objected to, in view of the provisions of the bond and of other testimony, was nevertheless prejudicial as complained of by appellant. The issue of delivery vel non to Sneed, as agent for the plaintiff company, was very sharply drawn in the evidence, and the conversation between appellee Baldwin and Wingo as to plaintiff's was clearly hearsay, and in its tendency evidently served to corroborate Wingo in testifying that the bond was delivered to Sneed for the special purpose of ascertaining the solvency of the other sureties. What was said and done by Wingo and Sneed at the time of the delivery of the bond to Sneed was, of course, a part of the res gestæ of that transaction, and as such admissible; but the preceding conversation between Wingo and Baldwin at a different time and place and in the absence of any representative of the plaintiff company in its very nature is as to said. company hearsay and prejudicial, and therefore not admissible either as a defense under the terms of the bond or as corroborative of Wingo's testimony already referred to.

In view. of what we have said, other assignments we think need not be noticed, but for the error pointed out it is ordered that

---

*For other ·ases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the judgment be reversed, and the cause remanded.

## On Motion for Rehearing.

[3] It seems to be conceded in the motion for rehearing that the conversation condemned in our original opinion was as to appellant hearsay and inadmissible as corroborative of Wingo's testimony to the effect that he delivered the bond to Sneed for the purpose only of ascertaining the solvency of additional sureties, but it is insisted that it was res gestæ and made competent, or at least harmless, because of appellee Baldwin's testimony that when he went to see Sneed he said: "I signed that bond with the understanding that Mr. McDaniel and Mr. Todd would sign that bond. 'Well,' he (Sneed) says, 'I understand that too.'" No other witness so testified, and the previous conversation between Wingo and Baldwin does not appear to have been so closely related to the conversations between Sneed and Wingo or Baldwin and Sneed as to bring it within the rule of res gestæ. It was otherwise very clearly incompetent, for the conversation between Wingo and Baldwin could no more constitute legal corroboration of Baldwin's testimony as to what transpired between him and Sneed than it could be used to corroborate Wingo's testimony. The necessary effect of the hearsay conversation condemned was a tendency to corroborate other testimony, and that it tends to corroborate Baldwin as well as Wingo but emphasizes the error of its admission.

We think the motion for rehearing must be overruled, and it is so ordered.